IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
---

KENNETH A. ROBERTS,

                Petitioner,                              OPINION AND ORDER

    v.

                                                        13-cv-446-wmc

DEBORAH McCULLOCH,

                Respondent.

---

      Petitioner Kenneth A. Roberts is in custody of the Wisconsin Department of Health Services at the Sand Ridge Secure Treatment Center in Mauston.  Invoking 28 U.S.C. § 2254, Roberts seeks a writ of habeas corpus under to challenge his continued civil commitment as a "sexually violent person" pursuant to Wis. Stat. ch. 980.  Roberts has paid the five dollar filing fee and this case is now pending before the court on preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

FACTS

      Preliminary review of the petition shows that Roberts is confined at Sand Ridge pursuant to a June 2005 state court judgment and civil commitment order entered in the Circuit Court for Oneida County.  In January 2010, Roberts filed a "petition for discharge" pursuant to Wis. Stat. § 980.09, arguing that he no longer met the criteria for continued confinement because his risk of recidivism was low.  After considering argument from both sides, the circuit court denied Roberts's petition without a full discharge hearing because: (1) a December 2009 evaluation found that Roberts's risk of recidivism was "high"; and (2) Roberts did not offer any expert opinion to the contrary.

On direct appeal, Roberts argued that the circuit court erred by denying the petition without a full hearing pursuant to Wis. Stat. 980.09(1) and *State v. Arends*, 2010 WI 46, 325 Wis. 2d 1, 784 N.W.2d 513. The Wisconsin Court of Appeals affirmed the circuit court's decision on October 11, 2012, *see In re Commitment of Roberts*, 2012 WI App 132, 345 Wis. 2d 62, 823 N.W.2d 840, and the Wisconsin Supreme Court denied his petition for review on February 11, 2013, *see State v. Roberts*, 2013 WI 22, 346 Wis. 2d 285, 827 N.W.2d 375.

Roberts now seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. In a petition that is dated June 21, 2013, Roberts argues that the circuit court violated his constitutional right to "substantive and procedural due process" by denying his petition without a full discharge hearing. It appears from the appellate court's opinion that Roberts did not raise a federal due process claim in state court. This means that he failed to exhaust state court remedies as required before seeking federal habeas review and that review may be barred for procedural reasons set forth briefly below.

OPINION

The federal habeas corpus statutes authorize relief only if the petitioner has exhausted all available state remedies. *See* 28 U.S.C. 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). The doctrine of exhaustion requires a habeas corpus petitioner to "fully and fairly present" his claims in such a way as to give state appellate courts a meaningful opportunity to consider the substance of those claims and correct any mistakes. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Curtis v. Montgomery*, 552 F.3d 578, 582 (7th Cir. 2009) (citations omitted). To "fully" present his claims, a petitioner must pursue all available avenues of relief and comply with

the state's procedural requirements before turning to the federal courts. To "fairly" present his claims, a petitioner must provide the state and federal courts with the same operative facts and controlling legal principles. *Picard*, 404 U.S. at 277.

It appears that Roberts did not raise an issue in state court regarding whether the circuit court's decision violated his right to substantive and procedural due process as guaranteed by the Fourteenth Amendment to the United States Constitution. By failing to present these legal theories in state court, Roberts did not exhaust available state court remedies when he had a chance to do so.

A habeas petitioner who misses an opportunity to properly present a claim in state court commits a procedural default that may forfeit federal review of that claim. *Curtis*, 552 F.3d at 582 (citing *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007)); *see also Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007) ("If a habeas petitioner has not exhausted a claim, and complete exhaustion is no longer available, the claim is procedurally defaulted."). Where a procedural default has occurred, federal habeas corpus review is available only if the petitioner can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Brown v. Watters*, 599 F.3d 602, 609 (7th Cir. 2010) (citing *Johnson v. Hulett*, 574 F.3d 428, 430 (7th Cir. 2009).

Cause to overcome a procedural default requires a showing "that some objective factor" that prevented compliance with the procedural rule. *Coleman*, 501 U.S. at 753 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To show prejudice, a petitioner must present evidence that the alleged violations "worked to his actual and substantial disadvantage," which infected

3

his entire proceeding with "error of constitutional dimensions." *Perruquet v. Briley*, 390 F.3d 505, 515 (7th Cir. 2004) (citation omitted). A fundamental miscarriage of justice occurs only where the petitioner presents evidence showing that he is "actually innocent" of the charges against him or the punishment imposed. *See, e.g.*, *Dretke v. Haley*, 541 U.S. 386, 393 (2004).

Because procedural default is an affirmative defense, Roberts was not required to show cause and prejudice or actual innocence in his petition. *See Perruquet v. Briley*, 390 F.3d 505, 515 (7th Cir. 2010). Nevertheless, a court may raise an affirmative defense before requiring the respondent to answer if "it is so plain from the language of the complaint and other documents in the court's files that it renders the suit frivolous." *Gleash v. Yuswak*, 308 F.3d 758, 760-61 (7th Cir. 2002) ("Under the circumstances there was no point to serving the defendants with process, forcing them to engage counsel, and then waiting for the inevitable motion to dismiss."). In light of the petitioner's apparent failure to fairly present his federal claims in state court, a motion to dismiss the petition as procedurally barred is "inevitable" in this case.

Therefore, Roberts will be allowed an opportunity to overcome his default by showing: (1) what cause he may have for his failure to properly present his defaulted claims on appeal; and (2) what prejudice he will suffer as the result of his failure to raise these claims properly; or (3) whether a failure to review his claims will constitute a fundamental miscarriage of justice because he is actually innocent of being a sexually violent person as defined by Wis. Stat. ch. 980. Because any response will be considered as a "supplement" to his petition for a writ of habeas corpus, Roberts must make sure to declare that any statements contained in his response are made under penalty of perjury. 28 U.S.C. § 2242 (petition must be "signed and verified" by petitioner).

ORDER

IT IS ORDERED THAT:

1. Petitioner Kenneth A. Roberts is directed to show cause, if any, by responding in writing within thirty (30) days of the date of this order–that is, by August 22, 2013, why his petition should not be dismissed as barred by the doctrine of procedural default.

2. Petitioner Roberts is advised that, if he does not respond to this order as directed, then this case may be dismissed for want of prosecution without further notice under Fed. R. Civ. P. 41(a).

Entered this 23rd day of July, 2013.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge