IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KENNETH A. ROBERTS,

                Petitioner,

v.

DEB McCULLOCH,

                Respondent.

ORDER

13-cv-446-jdp

---

On August 13, 2014, I denied petitioner Kenneth Roberts's petition for a writ of habeas corpus under 28 U.S.C. § 2254 after determining that he failed to show that his due process rights were violated by the state courts. Petitioner has filed a notice of appeal and he requests leave to proceed *in forma pauperis*. Because it does not appear that petitioner has filed his appeal in bad faith or that leave to proceed is otherwise precluded by Federal Rule of Appellate Procedure 24(a), the court certifies that he is eligible for indigent status.

Having found that petitioner is eligible to proceed *in forma pauperis*, the court must determine whether he has the ability to pay some portion of the $505 appellate filing fee. Although appeals taken in federal habeas corpus proceedings are not subject to filing-fee requirements found in the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. § 1915(b), a court may nonetheless require an indigent appellant in a non-PLRA case to "pay a fee commensurate with their ability to do so." *Walker v. O'Brien*, 216 F.3d 626, 638 n.5 (7th Cir. 2000) (citing *Longbehn v. United States*, 169 F.3d 1082, 1083-84 (7th Cir. 1999)). In other words, a habeas petitioner may be required to make an initial payment in order to have his appeal filed. *See Webb v. Anderson*, 224 F.3d 649, 653 (7th Cir. 2000). To arrive at an initial

partial payment, this court applies the same income and balance calculations as it does in PLRA cases. *See Longbehn*, 169 F.3d at 1083-84 (approving calculation of initial partial filing fee of appeal in non-prisoner cases).

I cannot determine what portion of the appellate filing fee petitioner will be required to pay because he has not provided a resident account statement in support of his request for leave to proceed *in forma pauperis*. Because petitioner's appeal was filed on August 27, 2014, his resident account statement should cover the period beginning approximately February 27, 2014 and ending approximately August 27, 2014. For his appeal to proceed, petitioner must submit his resident account no later than October 2, 2014.

ORDER

IT IS ORDERED that:

1. Petitioner Kenneth Roberts's notice of appeal is not taken in bad faith for purposes of Fed. R. App. P. 24(a)(3).

2. Petitioner may have until October 2, 2014 to submit a six-month resident account statement for the period beginning approximately February 27, 2014 and ending approximately August 27, 2014.

3. If by October 2, 2014 petitioner fails to submit the necessary resident account statement or show cause for his failure to do so, I will deny his request for leave to proceed *in forma pauperis* on appeal for petitioner's failure to show that he is entitled to indigent status on appeal.

Entered this 18th day of September, 2014.

BY THE COURT:
/s/
JAMES D. PETERSON
District Judge